CASE 47—PETITION EQUITY—OCTOBER 17.

# Hayden's adm'r., &c. vs. Hayden's adm'r., &c.

APPEAL FROM BOONE CIRCUIT COURT.

Where the liability of a surety in an administrator's bond was incurred and existed prior to the adoption of the Revised Statutes, the provisions therein contained, limiting actions against sureties, do not apply.

Under the second section of the act of 1838, discharging sureties from all liability to distributees, devisees and wards on administration and guardian bonds, when five years shall have elapsed without suit, &c., (3 *Statute Law*, 559,) a surety, to avail himself of the benefit of the section must not only show by his answer and proof, that the requisite time has elapsed after the party suing had arrived at age, and before the suit was commenced, but must also aver and prove that it had expired after the youngest of the distributees, devisees, or wards had attained his or her majority. The section, *supra*, only works a release or discharge when five years shall have elapsed after the youngest distributee, ward or devisee comes of age.

ARMSTRONG, for appellants, cited *act of* 1838, 3 *Stat. Law*, 559; *Rev. Statutes*, 3d section of repealing clause; Ib., chap. 21, sec. 14; 14 B. Mon., 311.

MENZIES & PRYOR, for appellee, Gaines, cited *Rev. Statutes*, chap. 97, sec. 13; Ib., chap. 63, sec. 7.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

James Hayden died in 1848, and in December of that year Simeon G. Hayden administered upon his estate, and executed bond, as administrator, with Gaines and others as sureties.

Simeon Hayden died in 1852, without having settled the estate of James, and Crawford was appointed his administrator. He failed to settle the estate of Simeon Hayden, or to account

for assets which the latter had received as administrator of James Hayden, and had converted to his use, and died prior to 1855.

In 1855 Watts was appointed administrator *de bonis non* of Simeon Hayden, deceased, and gave bond as such, with Gaines as one of his sureties; and in the same year Hedges was appointed administrator *de bonis non* of James Hayden, and executed bond with surety.

In October, 1858, the administrator and heir at law of Hugh Hayden, deceased, who was a distributee of James Hayden, deceased, brought this suit against the sureties of Simeon G. Hayden, as administrator of James Hayden, the administrator *de bonis non* of Simeon Hayden, deceased, and his sureties, and the administrator *dc bonis non* of James Hayden, deceased, for a settlement of the estate of said decedent, and not only sought to make the sureties of Simeon Hayden, in his administration bond, liable for a *devastavit* committed by him as administrator of James Hayden, deceased, but also charged Watts, as administrator *de bonis non* of Simeon Hayden, deceased, with having wasted his estate, and sought to hold him and his sureties liable therefor, to the extent that Simeon Hayden was liable as administrator of James Hayden.

Gaines appeared to this action, and filed his answer, in which he simply averred that Hugh Hayden, the ancestor and intestate of the plaintiffs, was born in March, 1832, and that more than five years had elapsed after he arrived at the age of twenty-one, before the commencement of the action, and pleaded the statute of limitation in bar of the action so far as he was concerned.

Appellants demurred to this answer, but their demurrer was overruled and the answer pronounced good, and a judgment rendered against them for costs, to all of which they excepted, and of which they now complain.

We have no hesitation in saying, that the circuit court erred in the judgment upon the demurrer for two obvious reasons, if for no other:

1. The answer presented no obstacle to the relief sought against Gaines as surety in Watts' bond as administrator

*de bonis non* of Simeon G. Hayden, deceased. If the charges against Watts, as administrator, be true—and they must be so regarded until controverted—both he and his sureties are liable to appellants to the extent of the *devastavit* and breach of trust committed by him; and Gaines could not shelter himself from such liability by the lapse of time, for but little more than three years had expired from the date of the bond before the bringing of the suit.

2. Nor was the answer sufficient to protect him as surety for Simeon G. Hayden in his administration bond of 1848. The liability was incurred, and existed prior to the adoption of the Revised Statutes, and the provisions therein contained, in behalf of sureties, do not apply to pre-existing liabilities. This has been repeatedly said by this court. (*Kellar vs. Sinton*, 14 *B. Mon.*, 309 ; *Henderson, &c. vs. Hayne*, 2 *Metcalfe*, 342.)

The law that governs this case is to be found in the 2d section of the act of 1838, (3 *vol. Digest, page* 559,) which reads as follows :

"*Section* 2. That from and after the 1st July, 1838, sureties, their executors, administrators, heirs, and devisees, shall be discharged from all liabilities to distributees, devisees, and wards, on administration and guardian bonds, when five years shall have elapsed without suit *after the youngest of the distributees, devisees, or wards have attained full age.*"

To enable a surety in such obligations to avail himself of the benefit of the foregoing section, he must not only show by his answer that the requisite time has elapsed, after the party suing had arrived at age, and before the suit was commenced, but must also aver that it had expired after the youngest of the distributees, devisees, or wards had attained his or her majority, for it is only after such period that the bar exists.

Here it is manifest that there were other distributees of James Hayden, deceased—this appears from the petition; and it may be, that some of them have not yet reached full age. But without conjecturing as to that matter, it is enough to say that the section, *supra*, only works a release or discharge in the cases therein named, when five years shall have elapsed after the youngest distributee, ward, or devisee comes of age; and

to bring a case within its operation it must be averred and proved that such time had expired, after the period named.

The answer before us fails to aver such a lapse of time, but only avers that more than five years had expired without suit after Hugh Hayden had arrived at full age; and therefore did not bring the case within the statute.

Wherefore the judgment is *reversed*, and cause remanded with directions to sustain the demurrer to Gaines' answer, and to allow him an opportunity to answer further, if he desires, and for further proceedings not inconsistent with this opinion.